'07 CIV 7481

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY, : Index No.
 And PAUL VON ZIELBAUER,
                     Plaintiffs, :

                                   : **COMPLAINT**

               - against - :

UNITED STATES DEPARTMENT OF :
DEFENSE and DEPARTMENT
OF THE ARMY, :

                     Defendants. :

---------------------------------------------------------------X

[RECEIVED AUG 23 2007 U.S.D.C. S.D.N.Y. CHAMBERS]

Plaintiffs The New York Times Company and Paul von Zielbauer (jointly, "NYT"), by its undersigned attorney, allege for their Complaint:

## THE PARTIES

1.     Plaintiff The New York Times Company is publisher of The New York Times ("The Times"), which has a daily circulation of about 1.1 million copies and a Sunday circulation of about 1.6 million, with readers across the U.S. It is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

2.     Plaintiff Paul von Zielbauer is a reporter for The Times who covers military affairs.

3. Defendant United States Department of Army (the "Department") is an agency of the federal government. Among its many functions, it investigates certain criminal matters and oversees court-martials of Army personnel.

4. The Department is an operating unit of Defendant Department of Defense ("DOD"), under whose auspices it functions.

## JURISDICTION

5. This action arises under 5 U.S.C. § 552 et seq. (the "Freedom of Information Act" or "FOIA"). This Court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B).

## VENUE

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. This action arises from the failure of the Department, either on its own behalf or on behalf of the DOD, to disclose certain documents in response to requests made by NYT pursuant to FOIA.

8. On or about January 5, 2007, the NYT made a request for the transcripts of an Article 32 hearing (the "Hearing") in a court martial administered by the Department, United States v. Staff Sergeant Alberto B. Martinez (the "Transcript Request").

9. An Article 32 hearing is a preliminary hearing to determine whether the case should proceed to trial.

10. The Hearing was open to the public, consistent with the U.S. Constitution, federal law, and the Department's own regulations.

11. On March 15, 2007, the Department denied the Transcript Request, claiming that release of the transcripts could reasonably be expected to interfere with law enforcement proceedings, deprive Sgt. Martinez of his fair trial rights, and constitute an unwarranted invasion of privacy. The Department concluded that the transcripts were exempt from disclosure under FOIA Exemption 7, 5 U.S.C. § 552(b)(7)(A)(B) and (C).

12. By a letter dated April 10, 2007, the NYT administratively appealed the Department's denial of the Transcript Request.

13. By a letter dated May 29, 2007, the Department upheld the denial, concluding that Exemptions 7(A), 7(B), and 7(C) had been properly invoked to withhold the transcript of the Hearing.

14. In February 2007, the NYT made a request for the Report of Investigation ("ROI") from investigations into four individuals by the Department: Yumanuel L. Garland, David P. Bush, Johnny D. Ramirez, and Justin J. Lillis (the "ROI Request").

15. All four of the individuals had been publicly identified and were found guilty of crimes that were the subject of the ROIs.

16. By a facsimile dated March 5, 2007, the Department denied the ROI Request. It claimed that the ROIs were properly withheld under Exemptions 6 (applying to personnel and medical files) and 7(C) (applying to law enforcement materials, the disclosure of which could reasonably be expected to constitute an

unwarranted invasion of privacy). The Department said that it could release the materials only if the individual under investigation provided his consent to the release of the ROI.

17. By a letter dated March 30, 2007, the NYT administratively appealed the denial of the ROI Request.

18. Although the Department was required under FOIA to determine the appeal of FOIA within 20 business days, the Department has yet to rule on the appeal. By a letter dated August 1, 2007, more than three months after the deadline for a determination, the Department acknowledged receipt of the appeal.

### COUNT I

19. NYT repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

20. The Department, as an agency subject to FOIA, must release in response to a FOIA request any disclosable documents in its possession at the time of its response to the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

21. The Department has asserted no lawful basis under FOIA for withholding the transcripts sought by the Transcript Request, which sought only the records of a public proceeding.

22. No FOIA exemption applies to such public records, or if exemptions at one time applied, they have been waived.

23. The Department's failure to provide the transcripts violates FOIA.

24. NYT is entitled to an order compelling the Department to produce the transcripts.

## COUNT II

25. NYT repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

26. The Department, as an agency subject to FOIA, must release in response to a FOIA request any disclosable documents in its possession at the time of its response to the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

27. Under 5 U.S.C. § 552(a)(6)(A), the Department was required to provide documents or issue a denial within 20 business days of receiving the Request.

28. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

29. Accordingly, NYT is deemed to have exhausted its administrative remedies as to the ROI Request, and this Court has jurisdiction to hear this matter.

30. The Department has asserted no lawful basis under FOIA for withholding the four ROIs sought by the ROI Request, all of which arise from cases that resulted in convictions of crimes in public proceedings.

31. The Department's failure to provide the four ROIs violates FOIA.

32. NYT is entitled to an order compelling the Department to produce the four ROIs.

WHEREFORE, NYT respectfully requests that this Court enter judgment on its behalf:

    a.    declaring that the materials sought by the Transcript Request and the ROI Request must be disclosed under FOIA;

    b.    directing the Department and/or the DOD to provide those materials NYT within 20 business days of the Court's order;

    c.    awarding to NYT the costs of this proceeding, including reasonable attorneys' fees; and

    d.    granting to NYT such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       August 23, 2007

*/s/ David E. McCraw*
David E. McCraw (DM7708)

The New York Times Company
Legal Department
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Facsimile: (212) 556-1009
e-mail: mccraw@nytimes.com

ATTORNEY FOR PLAINTIFFS