MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LARA K. ESHKENAZI
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2758
Fax: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE NEW YORK TIMES COMPANY and             :
PAUL VON ZIELBAUER,                        :        ECF CASE
                                           :
                          Plaintiffs,      :        07 Civ. 7481 (RJS)
                                           :
            v.                             :
                                           :        ANSWER
UNITED STATES DEPARTMENT OF                :
DEFENSE and DEPARTMENT OF THE ARMY,        :
                                           :
                          Defendants.      :
-----------------------------------------------------------x

        Defendants, the United States Department of Defense and the United States

Department of the Army (collectively, "defendants"), by their attorney, Michael J. Garcia, United

States Attorney for the Southern District of New York, answer the amended complaint (the

"complaint") on information and belief as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the complaint.

        3.      Admit the allegations contained in paragraph 3 of the complaint.

        4.      Admit the allegations contained in paragraph 4 of the complaint.

5.     The allegations contained in paragraph 5 of the complaint constitute plaintiffs' characterizations of their claims and conclusions of law to which no response is required.  To the extent a response is required, deny the allegations and respectfully refer the Court to the statute cited in paragraph 5 for a true and accurate statement of its contents.

6.     The allegations contained in paragraph 6 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to plaintiffs' place of business, deny the remaining allegations, and respectfully refer the Court to the statute cited in paragraph 6 for a true and accurate statement of its contents.

7.     The allegations contained in paragraph 7 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, deny the allegations.

8.     Deny the allegations contained in paragraph 8 of the complaint, except admit that Seavy J. Evan, FOIA Coordinator, XVIII Airborne Corps, Fort Bragg, North Carolina, received an email dated January 5, 2007, purportedly from Paul Von Zielbauer, referring to a request for Article 32 hearing transcripts for Staff Seargant Alberto Martinez.

9.     Deny the allegations contained in paragraph 9 of the complaint. Defendants respectfully refer the Court to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 and Rule for Courts-Martial for a true and accurate statement of their contents with respect to the definition and purpose of an Article 32 hearing.

10.     The allegations contained in paragraph 10 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required deny the

allegations except admit that the Article 32 hearing conducted in reference to Seargant Alberto Martinez was open to the public.

11.     Admit the allegations contained in paragraph 11 of the complaint and respectfully refer the Court to the statute cited in paragraph 11 for a true and accurate statement of its contents.

12.     Admit the allegations contained in paragraph 12 of the complaint and respectfully refer the Court to the statute cited in paragraph 12 for a true and accurate statement of its contents.

13.     Admit the allegations contained in paragraph 13 of the complaint.

14.     Deny the allegations contained in paragraph 14 of the complaint, except admit that on March 2, 2007, the United States Department of Army received an email request for the Report of Investigation from investigations into the four individuals referred to in paragraph 14 of the complaint (the "ROI request").

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, except admit that the four individuals referred to in paragraph 14 of the complaint were court-martialed and convicted of certain offenses.

16.     Admit the allegations contained in paragraph 16 of the complaint and respectfully refer the Court to the statute cited in paragraph 16 for a true and accurate statement of its contents.

17.     Admit the allegations contained in paragraph 17 of the complaint.

18.     The allegations contained in paragraph 18 of the complaint constitute

3

conclusions of law to which no response is required.  To the extent a response is required, deny the allegations, except admit that by letter dated August 1, 2007, the United States Department of Army acknowledged receipt of plaintiffs' appeal of the denial of the ROI request.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, except admit that on April 27, 2006, the United States Department of Defense ("DOD") received a written request from David Barstow requesting certain materials (the "DOD request").

20.    Deny the allegations contained in paragraph 20 of the complaint, except admit that the DOD request included requests for tapes and transcripts of sessions conducted Secretary of Defense Donald Rumsfeld with certain outside military analysts, and defendants have not fully responded to the DOD request.

21.    Deny the allegations contained in paragraph 21 of the complaint, except admit that the DOD request included requests for tapes and transcripts of sessions conducted by DOD officials other than the Secretary of Defense with certain outside military analysts, and that DOD has released some of the requested materials in response to the DOD request.

22.    Deny the allegations contained in paragraph 22 of the complaint, except admit that the DOD request included requests for documents from the office of the Secretary of Defense, Donald Rumsfeld, concerning communications with certain outside military analysts.

23.    Deny the allegations contained in paragraph 23 of the complaint, except admit that the DOD request included requests for emails pertaining to the DOD's communications with certain outside military analysts.

## COUNT I

24.     Defendants incorporate by reference its responses to paragraphs 1 through 23 of the complaint as if fully set forth herein.

25.     The allegations contained in paragraph 25 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations.

26.     Deny the allegations contained in paragraph 26 of the complaint.

27.     Deny the allegations contained in paragraph 27 of the complaint.

28.     Deny the allegations contained in paragraph 28 of the complaint.

29.     Deny the allegations contained in paragraph 29 of the complaint.

## COUNT II

30.     Defendants incorporate by reference its responses to paragraphs 1 through 29 of the complaint as if fully set forth herein.

31.     The allegations contained in paragraph 31 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations.

32.     The allegations contained in paragraph 32 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations and respectfully refer the Court to the statute cited in paragraph 32 for a true and accurate statement of its contents.

33.     The allegations contained in paragraph 33 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny

the allegations and respectfully refer the Court to the statute cited in paragraph 33 for a true and accurate statement of its contents.

34.     The allegations contained in paragraph 34 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations.

35.     Deny the allegations contained in paragraph 35 of the complaint.

36.     Deny the allegations contained in paragraph 36 of the complaint.

37.     Deny the allegations contained in paragraph 37 of the complaint.

## COUNT III

38.     Defendants incorporate by reference its responses to paragraphs 1 through 37 of the complaint as if fully set forth herein.

39.     The allegations contained in paragraph 39 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations.

40.     The allegations contained in paragraph 40 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations and respectfully refer the Court to the statute cited in paragraph 40 for a true and accurate statement of its contents.

41.     The allegations contained in paragraph 41 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations and respectfully refer the Court to the statute cited in paragraph 41 for a true and accurate statement of its contents.

42.     The allegations contained in paragraph 42 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, deny the allegations.

43.     Deny the allegations contained in paragraph 43 of the complaint.

44.     Deny the allegations contained in paragraph 44 of the complaint.

45.     Deny the allegations contained in paragraph 45 of the complaint.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The information plaintiffs seek in their FOIA requests are subject to exemptions to FOIA.  See 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' request for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

WHEREFORE, defendants demand judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated:          New York, New York
                October 25, 2007

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York,
                                        Attorney for Defendants

                                By:     /s/ Lara K. Eshkenazi
                                        LARA K. ESHKENAZI
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel. No.: (212) 637-2758
                                        Fax No.: (212) 637-2702

TO:     David E. McGraw
        The New York Times Company
                Legal Department
        621 Eighth Avenue
        New York, NY 10018

8