

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

~~MEMO ENDORSED~~

86 Chambers Street   3rd Floor
New York, New York  10007

February 13, 2008

**By Hand**
Hon. Richard J. Sullivan
United States District Judge
United States District Courthouse
500 Pearl Street, Room 615
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/08
```

    Re:    New York Times v. Dep't of Defense,
            07 Civ. 7481 (RJS)

Dear Judge Sullivan:

    I write respectfully on behalf of defendants United States Department of Defense ("DOD") and United States Department of the Army (collectively "the Government") to update the Court on the status of the Government's response to the Freedom of Information Act ("FOIA") request of the New York Times ("plaintiff") for records related to DOD's communications with ceratin military analysts (the "FOIA request"), and to request an extension of time to produce additional emails.

    At a conference held by the Court on February 1, 2008, the Court ordered DOD to produce affidavits establishing the adequacy of DOD's search for records by February 11, 2008, and to produce all material relating to the request for emails by February 18, 2008. DOD has produced the required affidavits, and will produce the remaining emails of all individuals whose boxes were being searched prior to the February 1, 2008 conference by the February 18th deadline. However, as explained below, because DOD has now agreed to search additional email accounts at the request of plaintiff, an extension of time is needed before DOD can complete its production of all emails related to the FOIA request.

    Specifically, immediately after the conference with the Court, plaintiff asked this Office whether the email accounts of three former employees of the Office of the Assistant Secretary of Defense Public Affairs ("Public Affairs") had been searched in response to the FOIA request. After learning that one of the three accounts had not been searched, DOD agreed to conduct a search of that individual's account. DOD expects to be able to produce any responsive emails

from that account by February 25, 2008. Plaintiff takes no position with respect to DOD's request for an extension to produce these emails.

In addition, the New York Times believes that DOD should search the email accounts of twelve individuals employed in DOD's Office of the Executive Secretariat. DOD has not previously searched these accounts because it does not believe that is reasonably likely that such a search will produce responsive records. However, in an attempt to resolve this issue without further litigation, DOD has now agreed to search those accounts. DOD is in the process of reconstructing the email accounts of those individuals who are no longer employed by the Office of the Executive Secretariat, and it expects to be able to complete this project and the search of all twelve accounts and produce responsive records, if any, by March 17, 2008. Plaintiff has consented to this proposed date for the production of any responsive records.

Finally, after further discussions between DOD and plaintiff, DOD has agreed to produce a <u>Vaughn</u> Index to plaintiff by March 17, 2008. DOD anticipates that once it has completed its production of responsive records and a <u>Vaughn</u> index, the parties will confer to determine whether there is any need to supplement to <u>Vaughn</u> index, and/or whether there is a need to proceed with summary judgment briefing.

I thank the Court for its consideration of this matter.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: *[signature]*

LARA K. ESHKENAZI
Assistant United States Attorney
Tel. No.: (212) 637-2758

cc: David E. McCraw (by facsimile 212-556-1009)

-2-

*[Handwritten note:]* The proposed schedule set forth in this letter are hereby ADOPTED by the Court. The parties shall submit a joint status letter concerning this matter no later than March 24, 2008.

SO ORDERED
Dated: 2/19/08

RICHARD J. SULLIVAN
U.S.D.J.